UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ANNE KING, <br><br>     Plaintiff, <br><br> v. <br><br> COREY KING and TREY BURGAMY, in their individual and official capacities, and WASHINGTON COUNTY, <br><br>     Defendants. | Civil Action No. 5:17-cv-00024-MTT |

## PLAINTIFF'S SUPPLEMENTAL BRIEF

### Introduction

The Court has asked the parties to brief two issues:

**The Magistrate's Role.** Magistrate Ralph Todd said to Trey Burgamy, "Mr. Burgamy, if you will take the warrant for defamation of character, I'll sign it." Even if that were an order from the Magistrate—it's really an option, not an order—Burgamy swore out an affidavit with false statements and gave it to the Magistrate to sign. Does the Magistrate's involvement absolve Burgamy of liability?

**The Qualified-Immunity Analysis.** Under Eleventh Circuit precedent, Anne King need only show that Burgamy had fair warning that his actions were unconstitutional. Burgamy argues that she must show that "it was clearly established that an officer was required to refuse to sign an affidavit swearing that probable cause existed to arrest a person for violation of a law that has been held to be unconstitutional." Is the qualified-immunity analysis that rigid?

The Magistrate's involvement does not absolve Burgamy of liability. Fact issues exist about whether the Magistrate actually ordered Burgamy to do anything. He remains liable even if the Magistrate ordered him to take the warrant because he swore out a false affidavit to get the warrant.

And the qualified-immunity analysis is not as rigid as Burgamy claims. He need only have had "fair warning" that his actions were unconstitutional. He had more than fair warning. After all, he helped his buddy have his ex-wife arrested for a Facebook post. Every reasonable officer should know that that violates federal law. Burgamy, too.

## Argument

### I. Burgamy remains liable even if the Magistrate ordered him to sign the affidavit.

To begin with, genuine disputes of fact exist about whether the Magistrate actually ordered Burgamy to take a warrant. The record shows that the Magistrate gave him an option—not an order. As Burgamy put it, the Magistrate said, "'Mr. Burgamy, *if you will take the warrant* for defamation of character, I'll sign it.'" Burgamy Dep. 22:15–

PLAINTIFF'S SUPPLEMENTAL BRIEF

17 (emphasis added). Inferring anything other than that Burgamy decided to swear out an illegal warrant violates the summary-judgment standard.[1]

But even if the Magistrate had ordered Burgamy to sign an affidavit, that does not absolve him of liability. Qualified immunity does not apply if an officer gets an arrest warrant based on false information. *See, e.g.*, *Kelly v. Curtis*, 21 F.3d 1544, 1554–55 (11th Cir. 1994). Take *Kelly*, for example. The officer there, like Burgamy, swore out an affidavit with false statements. *See* Burgamy Dep. 32:10–12 ("Q … Were you aware of a single fact that supported that order. A. No"). That precluded qualified immunity in *Kelly*. It does here, too.

What's more, Burgamy said that harassing phone calls was the only "remotely close charge." *Id.* 15:13–16. He knew, then, that criminal defamation was not even "remotely close." He thus didn't "believe[] or appropriately accept [his sworn statements] as true." *Kelly*, 21 F.3d at

---

[1] *See, e.g.*, *Skop v. City of Atlanta*, 485 F.3d 1130, 1136 (11th Cir. 2007) ("In making a qualified immunity determination, [the Court is] obliged to review the facts in the light most favorable to [Ms. King]."); *Kingsland v. City of Miami*, 382 F.3d 1220, 1227 (11th Cir. 2004) ("[A]t the summary judgment state, [the Court] must accept [Ms. King's] version of the facts as true."); *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996) ("It is not the court's role to weigh conflicting evidence … ; [Ms. King's] evidence is to be accepted for purposes of summary judgment.").

PLAINTIFF'S SUPPLEMENTAL BRIEF

1555 (quoting *Franks v. Delaware*, 438 U.S. 154, 165–66 (1978)). So under *Kelly*, Burgamy does not have qualified immunity.

*Carter v. Gore* also shows that Burgamy remains liable. *See* 557 F. App'x 904 (11th Cir. 2014). Even if a magistrate signed the warrant, Burgamy "may be liable" because "'a reasonably well-trained officer … would have known that his affidavit failed to establish probable cause and that he should not have applied for the warrant.'" *Id.* at 908 (quoting *Malley v. Briggs*, 475 U.S. 335, 345 (1986)).

That basis for liability applies even more strongly here than it did in *Carter*. Three reasons bear this out. First, Burgamy swore out a false affidavit accusing Ms. King of criminal defamation, which had not been a crime for over three decades. By contrast, *Carter* involved a conclusory affidavit about theft, which is still a crime. Second, Burgamy has admitted that he knew of no facts supporting a criminal-defamation charge. Burgamy Dep. 32:10–12. Yet he swore that Ms. King "communicate[d] false matter," "ma[d]e derogatory and degrading comments," and intended to "provok[e] a breach of the peace." *See* Warrant. Third, Burgamy has admitted, in effect, that the charge was not even "remotely close." Burgamy Dep. 15:13–16.

If that weren't enough, case law from courts across the country confirms that Burgamy remains liable here. *See, e.g.*, *Malley*, 475 U.S.

PLAINTIFF'S SUPPLEMENTAL BRIEF

at 346 n.9 ("The officer … cannot excuse his own default by pointing to the greater incompetence of the magistrate."); *Graham v. Gagon*, 831 F.3d 176, 183 (4th Cir. 2016) ("[A]n arresting officer is not automatically immunized from suit merely because the officer successfully requested an arrest warrant first."); *Golino v. City of New Haven*, 950 F.2d 864, 871 (2d Cir. 1991) ("Where an officer knows, or has reason to know, that he has materially misled a magistrate on the basis for finding probable cause, … the shield of qualified immunity is lost"). Letting Burgamy escape liability by blaming the Magistrate would expand qualified immunity at the expense of the people and the Constitution.

## II. Burgamy had fair warning that his conduct was unconstitutional, and his actions were objectively unreasonable.

Burgamy argues that the qualified-immunity issue here is "whether it was clearly established that an officer was required to refuse to sign an affidavit swearing that probable cause existed to arrest a person for violation of a law that has been held to be unconstitutional." Minute Sheet, Doc. 42. But the qualified-immunity analysis is not so demanding. *See, e.g.*, *Vaughan v. Cox*, 343 F.3d 1323, 1332 (11th Cir. 2003). In fact, the Supreme Court and the Eleventh Circuit have rejected such a rigid approach: "[the Court] should not be unduly rigid

in requiring factual similarity between prior cases and the case under consideration." *Id.* (applying *Hope v. Pelzer*, 536 U.S. 730 (2002)).

The issue is whether Burgamy had "fair warning" that his conduct was unconstitutional. *Id.* (quoting *Hope*, 536 U.S. at 740). He did. For one thing, cases such as *Kelly* and *Carter* make his conduct unconstitutional. For another, any reasonable government official would know that swearing out a false affidavit to have someone arrested for a crime declared unconstitutional over three decades earlier violates federal law. *See Vinyard v. Wilson*, 311 F.3d 1340, 1350–51 (11th Cir. 2002). To be sure, obvious-clarity cases are rare. But it's not every day that officers conspire to have a buddy's ex-wife arrested for a Facebook post.

In any event, Burgamy's actions were not "objectively reasonable," which obviates qualified immunity. *Harris v. Coweta Cnty.*, 21 F.3d 388, 390 (11th Cir. 1994) (citing *Anderson v. Creighton*, 483 U.S. 635, 641 (1987)). He had no facts supporting a charge that, in his words, wasn't even "remotely close." *Id.* at 390–91 (citation omitted); Burgamy Dep. 15:13–16, 32:10–12. So his actions were not "objectively reasonable." And thus he is not entitled to qualified immunity.

Dated: March 22, 2018          Respectfully submitted,

/s/ *Andre T. Tennille III*

Cynthia L. Counts            Kenneth B. Hodges III
Georgia Bar No. 190280       Georgia Bar No. 359155
DUANE MORRIS LLP             Andre T. Tennille III
1075 Peachtree Street, N.E.  Georgia Bar No. 940510
Suite 1800                   KEN HODGES LAW LLC
Atlanta, Georgia 30309       2719 Buford Highway, N.E.
(404) 253-6910               Atlanta, Georgia 30324
clcounts@duanemorris.com     (404) 692-0488
                             ken@kenhodgeslaw.com
                             dre@kenhodgeslaw.com

*Counsel for Plaintiff*

PLAINTIFF'S SUPPLEMENTAL BRIEF

## CERTIFICATE OF SERVICE

I certify that today I served all parties with the Plaintiff's Supple-

mental Brief by filing it though the Court's CM/ECF system, which will

automatically serve all counsel of record:

> Timothy J. Buckley III
> Taylor W. Hensel
> BUCKLEY CHRISTOPHER, P.C.
> 2970 Clairmont Road, N.E.
> Atlanta, Georgia 30329
> tbuckley@bchlawpc.com
> thensel@bchlawpc.com

Dated: March 22, 2018        /s/ *Andre T. Tennille III*
                             Andre T. Tennille III
                             Georgia Bar No. 940510
                             KEN HODGES LAW LLC
                             2719 Buford Highway, N.E.
                             Atlanta, Georgia 30324
                             (404) 692-0488
                             dre@kenhodgeslaw.com

                             *Counsel for Plaintiff*